**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-1387**

PAULA A. PIEHL, Individually and as Personal Representative
of The Estate of Martin Abraham Piehl; FORREST PIEHL,

Plaintiffs - Appellants,

v.

NARAYAN P. SAHETA, M.D.,

Defendant - Appellee.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  William M. Nickerson, Senior District
Judge.  (1:13-cv-00254-WMN)

Submitted:  January 28, 2015            Decided:  March 5, 2015

Before NIEMEYER, DUNCAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Henry L. Belsky, Mitchell E. Rosensweig, SCHLACHMAN, BELSKY &
WEINER, P.A., Baltimore, Maryland, for Appellants.  Matthew H.
Fogelson, Frederick W. Goundry, III, VARNER & GOUNDRY,
Frederick, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Paula and Forrest Piehl ("the Piehls") brought this diversity action against cardiologist Narayan Saheta alleging medical negligence and wrongful death in Saheta's treatment of Martin Piehl ("Mr. Piehl"). Following a jury verdict in Saheta's favor on all counts, the Piehls appeal.

The Piehls assert that the district court erred in three different respects at trial. First, they contend that they were prejudiced by improper remarks in both opening statements and closing arguments. Second, the Piehls argue that the district court permitted an improper voir dire of an expert witness. Finally, the Piehls contend that the district court erred in rejecting six of their proposed jury instructions. Having considered the record, the briefs, and the applicable law, we affirm the district court's judgment.

The Piehls contend that the district court erred when it overruled their objection to Saheta's reference to the theory of contributory negligence in opening statements. The Piehls further contend that, at the conclusion of the trial, the court should have explained to the jury that contributory negligence was not an issue in the case.

During closing arguments the jury heard from both the court and the Piehls that contributory negligence was "not an issue" (J.A. 360), and the Piehls did not request a further

2

instruction from the court on the matter. The jury was instructed to decide only the issue of Saheta's negligence. There was no instruction for the jury to consider whether Mr. Piehl was negligent. The court instructed the jury not to consider counsels' statements or arguments as evidence.

Jurors are presumed to follow the law. See United States v. Min, 704 F.3d 314, 322 n.6 (4th Cir. 2013) (citing Richardson v. Marsh, 481 U.S. 200, 206 (1987)). There is nothing in the record to suggest that the jury ignored the instructions and imputed contributory negligence on Mr. Piehl's part in finding that Saheta was not negligent. Accordingly, we conclude that, even if the district court erred, the Piehls were not prejudiced in either instance.

In their second assignment of error, the Piehls assert that the district court allowed Saheta to improperly voir dire their expert witness, Dr. Jonathan Arden, by referencing a report irrelevant to his qualifications as an expert in forensic pathology. A district court's evidentiary rulings are reviewed for abuse of discretion, which occurs only when the district court's decision "is guided by erroneous legal principles or rests upon a clearly erroneous factual finding." United States v. Johnson, 617 F.3d 286, 292 (4th Cir. 2010) (internal quotation marks omitted). Further, evidentiary rulings are subject to harmless error review, such that any error is

3

harmless if we may say "with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." Id. (internal quotation marks omitted).

Rule 402 of the Federal Rules of Evidence provides, with some exceptions, that all relevant evidence is admissible. Fed. R. Evid. 402. Relevant evidence may be excluded if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403. Rule 611(b) provides that "[c]ross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility. The court may allow inquiry into additional matters as if on direct examination." Fed. R. Evid. 611(b). The district court "is vested with broad discretion to control the mode of interrogation and presentation of evidence." United States v. McMillon, 14 F.3d 948, 955-56 (4th Cir. 1994) (internal quotation marks omitted). We conclude that the district court did not abuse its discretion in permitting Saheta to question Dr. Arden concerning the report, but in any event, any error in permitting that cross-examination was harmless given that the jury never reached the issue addressed by Dr. Arden's testimony, that of causation.

4

In their third and final assignment of error, the Piehls assert that the district court erred in rejecting a number of their proposed instructions. In determining whether the district court erred in instructing the jury, we review the trial court's jury instructions as a whole. Rowland v. Am. Gen. Fin., Inc., 340 F.3d 187, 191 (4th Cir. 2003). "Instructions will be considered adequate if construed as a whole, and in light of the whole record, they adequately inform the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the objecting party." Id. (internal quotation marks and alterations omitted). Where a party objects to the trial court's failure to give a requested instruction, we review for abuse of discretion. See id.

With respect to the Piehls' proposed instructions numbered 3, 10, and 11, we conclude that the district court did not abuse its discretion in rejecting these instructions. The court's instructions adequately conveyed the material proposed in instructions 3 and 10. To the extent that the Piehls preserved their objection regarding proposed instruction 11, they fail to establish that it stated a controlling principle of Maryland law. With respect to the Piehls' proposed instructions numbered 5, 6, and 13 addressing causation, we conclude that any error in rejecting them was harmless in light of the fact that

the jury found that Saheta did not breach the standard of care and, accordingly, never reached the issue of causation.

We affirm the judgment of the district court. We grant Saheta's motion and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED